IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM, #340-449          :
          Plaintiff          :
                          :
    v.                    :   CIVIL ACTION NO. CCB-07-184
                          :
MR. GEORGE BUSH, et al.,      :
          Defendants      :

**<u>MEMORANDUM</u>**

On January 17, 2007, plaintiff, presently incarcerated at the Metropolitan Transition Center in Baltimore ("MTC"), filed a pro se civil rights action alleging a conspiracy on the part of state and federal officials and others to: (1) deny him the right to purchase bullet-proof body armor and a handgun; and (2) ban him from public housing due to a history of violent criminal behavior.  He seeks to have the named defendants charged with "grand treason" and subjected to capital punishment.  Paper No. 1.  Although he has failed to pay the civil filing fee or submit an affidavit of indigency, plaintiff will be granted leave to file in forma pauperis pursuant to 28 U.S.C. § 1915(a).

The complaint will be dismissed pursuant to this court's authority under 28 U.S.C. § 1915(e), because it fails to state a cognizable civil rights violation.  Even if the court were to assume that a violent individual with a criminal history were entitled to purchase firearms and protective gear and live in public housing, plaintiff's inference that denial of these "rights" came about due to a conspiracy involving the Republican Party, the President of the United States, and a Catholic cardinal is delusional and subject to dismissal under *Neitzke v. Williams*, 490 U.S.

319, 328 (1989) and *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th

Cir. 1995).  Furthermore, plaintiff has no constitutional right to the criminal prosecution of other

individuals.  *See Linda R.S. v. Richard D, et al.*, 410 U.S. 614, 619 (1973).

The Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. 1915(e), provides

that:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
>
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal --
>      (I)    is frivolous or malicious;
>      (ii)   fails to state a claim on which relief may
>             be granted; or
>      (iii) seeks monetary relief against a defendant
>             who is immune from such relief.

In addition, 28 U.S.C. 1915 (g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been

accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma*

*pauperis*, absent extraordinary circumstances.[1]  This dismissal constitutes plaintiff's third

---

[1] Of course, this provision does not preclude an inmate from prepaying the full $350.00 fee to refile claims
previously rejected under § 1915(g) or to file future civil actions.

"strike."[2]    A separate Order shall be entered in accordance with the opinion set forth above.


 January 30, 2007                                       /s/                                   
        Date                                      Catherine C. Blake
                                         United States District Court Judge

---

[2] *See Graham v. Maryland*, Civil Action No. CCB-04-3713 (D. Md.) and *Graham v. Judiciary*, Civil Action No. CCB-05-1217 (D. Md.).